## JOHN M. NEVILLE *v.* SOLANO COUNTY.

LIABILITY OF COUNTY FOR JAIL GUARD.— The liability of a county for the
expense of a temporary guard for the County Jail, under the Act of 1851, is to
the persons employed by the Sheriff as such guard, and not to the Sheriff.

APPEAL from the District Court, Seventh Judicial District,
Solano County.

The facts are stated in the opinion of the Court.

*Swan & Hays,* for Appellant, argued that if the plaintiff
was a public officer, and acted in that capacity, (as the com-
plaint shows he did,) he was the mere agent of the county,
and did not bind himself to pay the guards; and, also, that a
known public agent acting in the line of his duty is not per-
sonally liable on the contracts made by him on behalf of the
government without a special agreement, and cited *Gridley* v.

*Lord Palmerston*, 3 Brod. and Bing. 275; *Nicols* v. *Moody*, 22 Barb. 611; *Holmes* v. *Brown*, 13 Barb. 599; *Olney* v. *Wilkes*, 18 Johns, 122; *Story on Agency*, Secs. 305, 306.)

*W. S. Wells*, for Respondent, argued that the Sheriff, being authorized to employ the guard, was the party with whom the county was to settle, and cited *Joyce* v. *Joyce*, 5 Cal. 449, and *Rowley* v. *Howard*, 23 Cal. 401.

By the Court, SANDERSON, C. J.

This is an action by a Sheriff against his county to recover the expenses of a temporary guard employed by him, for the protection of the County Jail, and the safe keeping of prisoners confined therein, under and by virtue of the provisions of the twenty-ninth section of the Act concerning Sheriffs, of the 29th of April, 1851; which provides that: " The Sheriff, when he shall deem it necessary, may, with the assent in writing of a County Judge, or in a city, of a Mayor thereof, employ a temporary guard for the protection of the County Jail, or for the safe keeping of prisoners, the expenses of which shall be a county charge."

The Sheriff sues in his own right and not as assignee of the several persons so employed by him, and does not allege that he has paid them for their services, but merely alleges that their services were reasonably worth a certain price per day each, naming it, and that he, in his capacity of Sheriff, has become liable to pay them the amount sued for.

The plaintiff obtained judgment and defendant appeals.

We are of the opinion that the action cannot be maintained.

The Sheriff, when acting under the statutory provision in question, is simply the agent of the county, and contracts for and on account of the county. The contract is between the county and the persons who render the service, and the county is liable to them and their assignees only, and not to the Sheriff.

Judgment reversed.

Mr. Justice RHODES expressed no opinion.